IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MARLA K. STERMON,**

**Plaintiff,**

**v.**

**JAMYANG TSETEN and**
**WERNER ENTERPRISES, INC.,**

**Defendants.**                                                   **No. 06-CV-0219-DRH**

<u>**MEMORANDUM and ORDER**</u>

**HERNDON, District Judge:**

### I. <u>Introduction and Background</u>

Pending before the Court is Plaintiff's motion to remand (Doc. 13). Specifically, Plaintiff argues that removal was improper as Defendant Tseten did not join in or consent to the removal. Defendants oppose the motion maintaining that removal was proper as Defendant Tseten is a nominal party and thus, his joinder was not needed (Doc. 18). Based on the following, the Court grants Plaintiff's motion to remand and remands this matter to the Madison County, Illinois Circuit Court.

On January 31, 2006, Plaintiff, Marla K. Stermon, filed suit against Defendants Jamyang Tseten ("Tseten") and Werner Enterprises, Inc. ("Werner") in the Madison County, Illinois Circuit Court (Doc. 2). This case arises out of an automobile accident that occurred on February 3, 2005 in Madison County, Illinois in which Tseten, while driving a 1969 Freightline CST120, rear-ended Stermon's

vehicle. Count I is against Tseten individually for negligence and Count II is against Werner based on vicarious liability as the complaint alleges that at the time of the accident, Tseten was an employee of Werner and acting within the scope of his duties with Werner. Thereafter on March 16, 2006, Werner removed the case to this Court based on diversity jurisdiction, **28 U.S.C. § 1332** (Doc. 1). In the Notice of Removal, Werner states that "[c]o-defendant Jamyang Tseten has not, insofar as Werner Enterprises, Inc. is aware, been served with summons and complaint." (Doc. 1, ¶ 1). According to the record, Tseten neither signed the notice of removal nor filed a consent to the removal. Counsel entered their appearance on behalf of Tseten on March 29, 2006 (Docs. 8, 9, 10, & 11).

On April 4, 2006, Stermon moved to remand arguing that removal was improper as Tseten did not join in the notice of removal (Doc. 13). Defendants contend that Tseten did not need to join in the removal because he is a nominal party by the Plaintiff's own theory of negligence and that Werner is the "true-targeted" party in this litigation (Doc. 20). The Court now turns to address the merits of Stermon's motion.

## II.  Analysis

A defect in the removal procedure would require remand of the action to state court. **28 U.S.C. § 1447(c)**. Furthermore, the propriety of removal is to be strictly construed against removal, with all doubts resolved in favor of remand. ***See People of the State of Ill. v. Kerr-McGee Chem. Corp.*, 677 F.2d 571, 576 (7th**

**Cir. 1982)**. Specifically, **28 U.S.C. § 1446(c)** provides in part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under § 1446(a). . . .

Generally, a notice of removal is facially defective if it is not joined by all defendants or fails to explain why all defendants have not consented. ***Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 368 (7th Cir. 1993)**. It is well established that all defendants must either join in or consent to a notice of removal within the 30-day period provided by **28 U.S.C. § 1446**. ***McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1998)**. Failure to do so is a "defect in the removal procedure" within the meaning of **28 U.S.C. § 1447(c)**. In order to "join" the petition for removal, all defendants must support it in writing or explain why written support is unnecessary. ***Roe v. O'Donohue*, 38 F.3d 298, 301 (7th Cir. 1994)(citing *Northern Illinois Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 272-73 (7th Cir. 1982)**. However, nominal parties need not join in the removal petition. ***Shaw*, 994 F.2d at 369**. A defendant is nominal if there is no reasonable basis for predicting that it will be held liable. *Id*.

Here, this case became removable on February 22, 2006 when Werner was served with a copy of the summons and complaint (Doc. 1, ¶ 1). Pursuant to **28 U.S.C. § 1446(b)**, Defendants had thirty days from February 22, 2006 – until March 24, 2006 – to file a proper notice of removal. Stermon argues that because Tseten

did not join in the notice of removal within that thirty day period, the notice of removal was improper.  The Court agrees.  Defendant Tseten was served on March 4, 2006 (Doc. 13, Exhibit 2).  Werner filed its notice of removal on March 16, 2006, 12 days after Tseten was served.  As stated previously, Tseten's attorneys entered their appearance on his behalf on March 29, 2006.  No amendment to the notice of removal was made.  Tseten was properly served as an individual Defendant prior to the filing of the March 16, 2006 notice of removal and, therefore, Tseten's consent was required.

Further, the Court rejects Defendants' argument that Tseten is a nominal party.  The record does *not* support Defendants' contention that Tseten is a nominal party.  In fact, the Court finds that Tseten is a necessary party to this action.  Count I is against Tseten individually and he allegedly is the individual that caused the accident at issue in this case.  The Court cannot say that there is no reasonable basis for predicting that he will not be held liable.  **See Shaw., 994 F.2d at 369 (7th Cir. 1993).**  Based on the record before the Court, Tseten did not consent or join in the removal, therefore, the removal is defective and improper and remand is warranted under **28 U.S.C. § 1447(c)**.[1]

Stermon further moves for an order for costs, including attorney's fees, pursuant to **28 U.S.C. § 1447(c).**  The United States Supreme Court, in **Martin v. Franklin Capital Corp. 126 S.Ct. 704 (2005),** recently has addressed this issue:

---

[1]Because the Court finds that the removal is defective and improper, the Court need not address whether diversity jurisdiction has been met.

>The appropriate test for awarding fees under **§ 1447(c)** should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied. In light of these "large objectives," the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under **§ 1447(c)** *only where the removing party lacked an objectively reasonable basis for seeking removal.* Conversely, when an objectively reasonable basis exists, fees should be denied.

*Martin,* **126 S.Ct. at 711 (citations omitted)(emphasis added).**

Based on the circumstances in this case, the Court **DENIES** Stermon's request for fees.

### III. Conclusion

Accordingly, the Court **GRANTS** Stermon's motion for remand (Doc. 13). Pursuant to **28 U.S.C. § 1447(c)**, the Court **REMANDS** this case to the Circuit Court of Madison County, Illinois.

**IT IS SO ORDERED.**

Signed this 20th day of June, 2006.

/s/      David RHerndon
**United States District Judge**